Christina Garcia
27896 Mazagon
Mission Viejo, CA 92692
Telephone: 949-922-9729

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINA GARCIA, ON BEHALF OF MINOR CHILD, A.G., <br><br> Plaintiff, <br><br> v. <br><br> CAPISTRANO UNIFIED SCHOOL DISTRICT, COMMUNITY ROOTS ACADEMY, JEREMY CAVALLARO, an individual, LINDA KOO, an individual, DANA AGUILERA, an individual, KATY LANDIS, an individual, ANNE SABINA, an individual, MYLA CANDELARIO, an individual, CHERIE BENE, an individual (All individuals in both their official and individual Capacities), <br><br> Defendants. | Lead Case No. SACV16-cv-02111-DOC-(ADSx) <br><br> Consolidated Case No.: <br> SACV17-cv-01787-DOC-(JDEx) <br> SACV17-cv-01585-DOC-(JCGx) <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS** <br><br> Judge: Hon. Judge David O. Carter <br><br> Action Filed: November 23, 2016 <br> FAC Filed: December 14, 2016 <br> SAC Filed July 24, 2017 <br> TAC Filed May 5, 2018 |

**PLEASE TAKE NOTICE THAT** the hearing for this Motion to Compel is scheduled for January 16, 2019 at 10:00am in Courtroom 6B. This Motion to Compel is brought in accordance with Federal Rule of Civil Procedure Rules, Rule 37(a)(3). Plaintiff, Christina Garcia, requests that the Court enter an order compelling Defendants CUSD, and individual Defendants represented by Harbottle

Law Group, to produce documents originally requested on June 18, 2018 as specified in this motion.

On July 18, 2018 Defendants responded to Plaintiff's requested stated they would produce their documents by August 6, 2018; however, by August 6, 2018 Defendants failed to produce most of the requested documents.

Plaintiff met and conferred in good faith with Sydney Blaauw and Dan Harbottle on multiple occasions since July 2018, both formally and informally. Each time Plaintiff requested that Defendants produce specific documents, Defendants' counsel stated they would look to see if there were more.

The Harbottle Law attorneys have consistently responded to Plaintiff's continuing request for documents by aggressively expressing their dissatisfaction with Plaintiff's discovery responses; however, they only bring up their dissatisfaction when Plaintiff requests they produce the documents originally requested on June 18, 2018. Given the nature of this case, nearly all relevant records are in Defendants' possession. Defendants produced roughly half of all of their documents on October 26, 2018 – more than four months after Plaintiff's original request and just a week and a half before the deadline to serve any further discovery papers. Defendants' ongoing delay tactics and ultimate refusal to produce many of the most relevant requested documents has substantially prejudiced Plaintiff.

On November 9, 2018 Parties participated in an informal telephonic conference with Magistrate Judge Spaeth. During the conference, Parties agreed that by November 12, 2018, Plaintiff would specifically identify the documents Defendants had not produced and that Defendants would respond by November 16, 2018. On

November 16, 2018 Defendants responded only with a letter, and they failed to produce any of the requested records.

On November 27, 2018 Parties participated in a second informal telephonic conference with Magistrate Judge Spaeth. During this conference, Defendants stated they would produce any remaining documents, including a Redaction Log, by December 4, 2018. Despite participating in two informal phone conferences, Defendants have completely failed to produce any of the records that were discussed during the phone conferences.

Through this motion, Plaintiff requests that the Defendants be compelled to produce the following documents:

1. All internal emails written during the 2013-2014 school year specifically relating to A.G. or Plaintiff. (As of the writing of this motion, Defendants have not produced a single internal email from the 2013-2014 school year. Plaintiff's Fraud allegations pertain to the 2013-2014 school year).
2. All reports, including drafts, and observation notes, written by any assessor who assessed A.G. during the 2013-2014 school year.
3. All audit reports from Synergy, and any other programs used by CUSD, that specifically relate to A.G.'s special education, assessments, and IEP.
4. Unredacted copies of all documents containing redactions as Defendants have failed to produce a redaction log.
5. The requested documents are necessary to support Plaintiff's allegations of Defendants' fraud, deceit, and ongoing misconduct. Synergy Technology has audit trail capabilities that can track detailed information associated with every change made within synergy. At a minimum, these documents will support Plaintiff's allegations that Defendants failed to provide statutorily

required documents and that they created documents specifically to use as evidence for the OAH hearing.

The Declaration of Christina Garcia and accompanying exhibits support the assertion made by Plaintiff during the phone conference that the audit trail reports are easily accessible by CUSD and that they do not require any type of coding or technical expertise. Dan Harbottle's statements during the phone conference regarding the technical expertise and difficulty level that may be involved in accessing the documents from a third party, were nothing more than further attempts to avoid turning over evidence likely to objectively prove CUSD's deceptive practices.

Plaintiff respectfully requests that this Court issue an order compelling Defendants to immediately produce all documents described in this motion.

Dated: December 11, 2018

By *Christina Garcia*
Christina Garcia, Plaintiff